Eads *et al.*, Respondents, v. Wooldridge, Appellant.

1. The official character of school trustees may be proved by their acts and conduct as such; the oaths of office filed by them with the clerks of the county courts and their official bonds are competent evidence to prove such official character.
2. In an action of forcible entry and detainer, in case of a verdict for the complainant, the jury may assess damages for all waste and injury committed upon the premises as well as for all rents and profits of the same up to the time of the rendition of the verdict.

*Appeal from Cooper Court of Common Pleas.*

This was an action of forcible entry and detainer brought by plaintiffs, as trustees of school district No. 2, of township 48, range 17, in Cooper county, to recover possession of a lot of ground with a school-house thereon.

At the trial, the plaintiffs, to prove their official character, introduced the clerk of the county court, who produced the affidavits and bonds of plaintiffs, as trustees of said school district, and offered to prove by said clerk that the plaintiff had taken the oaths required by law of school trustees; that Eads had given bond as president; and that plaintiffs were acting as trustees on the 22d of March, 1858. The court overruled the objection of defendant to this testimony and admitted the same. It also appeared that school had been kept in the house in question for ten years, but that none was kept therein at the commencement of this suit; that defendant removed the furniture of the school-house and took possession thereof, and refused to permit the trustees to occupy the same as a school-house. The plaintiff also introduced in evidence the following instrument in writing, executed by defendant: " Know all men by these presents, that whereas, Samuel Wooldridge, by these presents, hereby grants unto the trustees of school district No. 2, township 48, range 17, a perpetual lease of one acre lot or parcel of land, the said land being that upon which the school-house of said district is now situated; the understanding of this contract is that

the aforesaid one acre lot or parcel of land is to remain subject to the trustees of said district as long as it may be wanted for school purposes; and it is not to be inferred or presumed that the said land may not be wanted for school purposes in case the district should become disorganized, unless it should so remain for the terms of three years, at the expiration of which time it may revert back unto the said Samuel Wooldridge, his heirs or assigns. Given under my hand and seal the 18th day of June, 1854. [Signed] Samuel Wooldridge. (Seal.)"

The court, at the instance of the plaintiff, gave the following instructions: " 1. If the jury believe from the evidence that the plaintiffs were in possession of the school-house at the time mentioned in the complaint, and that defendant entered and took possession of the same by means of a false key, or by forcing off or bursting the lock, or by breaking open or forcing the door, or by breaking the window or any part of the building, this amounts to a forcible entry in contemplation of law. 2. To establish the plaintiff's possession, it is not necessary that they or either of them should have been in the actual occupancy of the house ; a man may have the possession of a house otherwise than by living in it; he may have part of his goods there ; and if the jury find from the evidence that the desks, stove, benches, or any furniture belonging to the school district mentioned in the complaint, were in the school-house, and the plaintiffs or either of them had locked the house and had the key, then the plaintiffs, in contemplation of law, were in possession. 3. If the jury find for the plaintiffs, they will assess damages for all waste and injury committed upon the premises, as well as for all rents and profits of said premises up to the present time."

The jury found for plaintiffs.

*Douglass & Hayden,* for appellant.

I. There was no legal evidence that the plaintiffs were trustees of school district No. 2. The affidavits and bonds of plaintiffs produced by the county clerk were not admissi-

ble in evidence to prove that plaintiffs were trustees. There was better evidence of that fact, and its absence was unaccounted for. (R. C. p. 1434.) Only examined copies of the originals could be received in evidence. The acts of the trustees might be evidence against them, but not for them. (Greenl. Ev. § 56, 92 ; 8 T. R. 303 ; Gilbert v. Boyd, 25 Mo. 29.) The court erred in refusing the second instruction asked by the defendant. (4 Johns. 418 ; Wood v. Leadbitter, 10 M. & W. 837 ; 10 Conn. 375 ; 2 Amer. Lead. Cas. 677.) The instrument signed by Wooldridge was nothing more than a license, and was revocable at any time. The instructions given at the instance of the plaintiffs were erroneous. (19 Mo. 128, 169 ; R. C. 1855, p. 791 ; 14 Mo. 17 ; 18 Mo. 256.)

*Muir & Draffen*, for respondents, cited R. C. 1855, p. 790, 792, 1436 ; 8 Mo. 977 ; 6 Mo. 347 ; 4 Bibb, 389, 426 ; 3 Marsh. 347 ; Story on Contracts, § 427 ; 2 Smith's Leading Cases, 507 ; 3 Hill, 219 ; 14 Mo. 488 ; 24 Mo. 184 ; 4 Kent, Comm. 452.)

SCOTT, Judge, delivered the opinion of the court.

The most important question in this case is, as to the competency of the evidence to establish the fact of the election or appointment of the plaintiffs as trustees of the school district for which they sue. If nothing but the minutes of the meeting at which an election of trustees is made is admissible evidence of their official character, the school law must fail to be executed in a great many instances. The want of method in the transaction of business under our school system is notorious, and to expect a strict compliance with the law would be to render it of no avail in a great many of the school districts. Under the school law in New York, which suggested to us the idea of our system, it has been held that the official character of school trustees may be proved by reputation and their acts and conduct as such. (McCoy v. Curtice, 9 Wend. 18.) In Connecticut, a

17—VOL. XXVII.

clergyman in the celebration of marriage is a public civil officer, and his acts in that capacity are admissible as *prima facie* evidence of his official character. (Goshen v. Stonington, 4 Conn. 209.) Indeed it is a general rule that, in order to prove a general allegation that a party holds a particular office or situation, it is usually sufficient to prove his acting in that capacity; and this rule is applicable to cases in which the officer is plaintiff. (2 Starkie, part 4, tit. Character.) The proof of the affidavits and bonds given by the plaintiffs as trustees was admissible as evidence of their acts as trustees.

We are not of the opinion that the deed of conveyance given in evidence is nothing but a license. The instrument by its terms furnishes no support for such an idea. It grants a perpetual lease, and there is nothing in it which shows that such was not the understanding of the parties. But if it had been a license and nothing more, how would the defendant have been justified? If he licenses another to occupy his land and afterwards sees proper to revoke his license, can he thereupon go and forcibly eject the occupant? For the recovery of the possession, must he not resort to his legal remedy, and not take the redress of his wrong into his own hands?

What will constitute a possession must depend upon circumstances. The purposes for which a tenement is used has its influence in ascertaining the acts and conduct which will determine whether or not there is a possession of it. If the circumstances established by the evidence were not sufficient to show the possession of a school-house, it would be difficult to retain possession of a building used for such a purpose but by continually holding a school in it without any intermission or vacation.

The third instruction given for the plaintiffs in relation to the damages to be recovered, it is conceived, is in accordance with the provisions of the 17th section of the act concerning forcible entry and detainer.

Judgment affirmed. The other judges concur.